## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

BRETT HARRISON POWELL                                              PLAINTIFF

v.                                              CAUSE NO. 1:24-cv-00333-LG-RPM

TRUSTMARK BANK, et al.                                            DEFENDANTS

### ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. When he filed his Complaint on October 28, 2024, *pro se* Plaintiff Brett Harrison Powell was an inmate housed at the Harrison County Adult Detention Center in Gulfport, Mississippi. Plaintiff's claims purportedly arise under 42 U.S.C. § 1983, and he names Trustmark Bank and Duane Dewey as Defendants. Plaintiff is proceeding *in forma pauperis*. For the following reasons, the Court finds that this case should be dismissed without prejudice for lack of subject-matter jurisdiction.

### I.BACKGROUND

Plaintiff claims that he is the President and Chief Executive Officer of Business Development for Southern Gulf Contracting Ltd. Plaintiff's business apparently maintained a bank account at Trustmark, and a dispute of unknown origin eventually arose between them. As a result of this dispute, Plaintiff was convicted of "false pretense, computer fraud, bad check x3, [and] forgery x3." Resp. [16] at 1. He was "ordered to make restitution" and "forced to gain employment" as part of his sentence, which has not been reversed, expunged, declared invalid, or otherwise called into question. *Id.* at 1-2.

Plaintiff claims that Trustmark violated his constitutional rights "by filing criminal charges on a civil matter" and collecting restitution both "civilly" and "criminally . . . for the same debt." *Id*. at 2. Plaintiff claims that his sentence, requiring him to get a job, violates the Thirteenth Amendment prohibition on involuntary servitude. He also claims that Trustmark's actions violate the Fifth Amendment protection against double jeopardy and his Fourteenth Amendment right to equal protection, arguing "that incarcerating indigent debtors is unconstitutional." *Id*. Dewey is president of Trustmark, and Plaintiff believes that "he is responsible for any and all actions made or taken by his subordinates." *Id*.

Plaintiff alleges that Trustmark is a Mississippi corporation and that both he and Dewey are domiciled in Mississippi. He seeks $33,000,000.00 in damages, plus the reimbursement of filing and attorneys' fees associated with his criminal case. Plaintiff also asks that his sentence be amended "to reflect the dissolution of criminal charges." Compl. [1] at 4.

## II. DISCUSSION

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Griffith v. Winborne*, No. 2:23-cv-00026-KS-MTP, 2023 WL 4898551, at *1 (S.D. Miss. July 7, 2023), *report and recommendation adopted by*, 2023 WL 4881909, at *1 (S.D. Miss. July 31, 2023). "Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically designated by the Constitution or Congress." *VT Halter Marine, Inc. v. Emas Chiyoda Subsea, Inc.*, No. 1:17-cv-00049-HSO-JCG, 2017 WL 2058225, at *1

2

(S.D. Miss. May 12, 2017).  The Court will "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "*Sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction." *Griffith*, 2023 WL 4898551, at *1 (quotation and brackets omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: those arising under federal law and those where there is diversity among the parties and the amount in controversy exceeds $75,000."  *Mooney v. Nationstar Mortgage LLC*, No. 2:25-cv-00114-KS-MTP, 2025 WL 3727170, at *2 (S.D. Miss. Sept. 23, 2025) (quotation omitted).  "A federal question exists only where a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Bd. of Comm'rs of Se. La. Flood Protection Auth.—East v. Tenn. Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 721 (5th Cir. 2017).  The exercise of diversity jurisdiction "require[s] complete diversity between all plaintiffs and all defendants."  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  Since Plaintiff admits that the parties are not diverse, the Court cannot exercise jurisdiction under § 1332(a).

The Court is left to examine its jurisdiction under § 1331.  "While a plaintiff need not cite a specific federal provision, . . . he must allege facts sufficient to

establish a colorable issue of federal law." *Williamson as Next Friend of J.S.W. v. Presbyterian Christian Sch., Inc.*, No. 2:18-cv-00015-LG-MTP, 2018 WL 10419234, at *2 (S.D. Miss. Oct. 2, 2018). "The absence of a valid cause of action does not implicate subject-matter jurisdiction, but the absence of an arguable one does." *Id.* "A finding of lack of subject-matter jurisdiction due to inadequacy of a federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of the Supreme Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Id.* (quotation and brackets omitted).

Plaintiff filed this lawsuit on a form designated for complaints arising under 42 U.S.C. § 1983. Section 1983 provides a remedy against persons who act under color of state law to deprive another of any right secured by the Constitution or laws of the United States. "A plaintiff asserting a claim under [Section] 1983 must demonstrate that a defendant (1) deprived him of his constitutional rights and (2) acted under color of state law." *Williamson*, 2018 WL 10419234, at *3. "While private individuals generally are not considered to act under state law, a private individual's action may be deemed to be state action if the defendant's conduct is fairly attributable to the state." *Id.* "Otherwise, when non-state actors are involved, in order to hold them liable on a [Section] 1983 claim, they must have engaged in a conspiracy with state actors to violate [Plaintiff's] constitutional rights." *Id.* (quotation omitted).

Plaintiff ostensibly advances Fifth, Thirteenth, and Fourteenth Amendment claims against Defendants, but he does not allege that Trustmark and Dewey are

4

state actors.  Rather, Trustmark "is a private business entity," and his allegations demonstrate that Dewey, the bank president, is not a state official engaged in the performance of official duties.  *See Boone v. Consumer Cellular*, No. 12-1519, 2012 WL 3548051, at \*5 (E.D. La. June 28, 2012), *report and recommendation adopted by*, 2012 WL 3549915, at \*1 (E.D. La. Aug. 15, 2012).  Moreover, there are no factual allegations suggesting that Defendants' actions were fairly attributable to the state or that they conspired with any state actors.  The decision to file criminal charges belongs exclusively to the prosecuting agency, and "[t]he decision to file or not file criminal charges does not fall within the category of acts that will give rise to section 1983 liability" anyway.  *Bell v. Johnston*, No. 1:05-cv-00283-LG-RHW, 2005 WL 1683972, at \*2 (S.D. Miss. July 19, 2005).  Thus, "Plaintiff has not stated an arguable or colorable federal claim."  *See Williamson*, 2018 WL 10419234, at \*3.  His § 1983 claims against private actors are "foreclosed by prior precedent and completely devoid of merit," *see id.*, and they cannot form the basis of federal-question jurisdiction.  *E.g.*, *Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007).  Nor can the Court ascertain any other federal question on the face of Plaintiff's pleadings.

Having failed to establish the existence of subject-matter jurisdiction, Plaintiff's claims must be dismissed without prejudice.  *Thompson v. Mason*, 24-260-JWD-EWD, 2024 WL 4633963, at \*6 (M.D. La. Oct. 30, 2024).

**IT IS THEREFORE ORDERED AND ADJUDGED** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 13th day of April, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE